7yIN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN RE : | ) | Case No. BK24-40046 |
| | ) | |
| JENNIFER M. LENNEMANN, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**Order Enjoining Deed of Trust Sale**

THIS MATTER is before the court for hearing on the motion filed by the debtor Jennifer M. Lennemann seeking to enjoin a deed of trust sale (Fil. No. 131). Patrick R. Turner appeared for the debtor. Michael R. Snyder appeared for Exchange Bank. The deed of trust sale is enjoined because it is based on a pre-petition default under loan documents restructured under the debtor's confirmed Chapter 11 plan.

*Findings of Fact*

The bank is a creditor of the debtor. Its debts are secured by deeds of trust against multiple parcels of real estate. In late 2023, after the debtor defaulted on loan payments, the bank filed and served notices of default under the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1001 *et seq*. The notices of default stated the default as "failure to make payments when due under the promissory note." There is no evidence the bank accelerated any of the loans. The loan documents contain curative provisions separate from the cure provisions in the confirmed plan.

The debtor filed her Chapter 11 case in January 2024. She confirmed a Chapter 11 plan on November 14, 2024. According to the plan, the plan modifies, supersedes, and replaces the debtor's obligations to the bank:

> The treatment of Claims and Interest in the Plan is in full and complete satisfaction of the legal, contractual, and equitable rights (including any liens) that each entity holding an Allowed Claim or an Allowed Interest may have in or against Debtor, the Estate, the Reorganized Debtor or their respective property. This treatment *supersedes and replaces* any agreements or rights those entities may have in or against Debtor, the Estate, the Reorganized Debtor, or their respective property.

Fil. No. 71, at 6 (emphasis added).

The plan also states:

> Any term or provision of this Plan to the contrary notwithstanding, all of the terms and conditions of the loan documents that are attached to Exchange Bank's proof of claim shall be and remain in full force and effect, except the

non-default interest rate that is modified by this Plan, *the terms of repayment that are modified by this Plan*, the date of maturity and the balloon payment date that are modified by this Plan, and the amount of the periodic payments that are modified by this Plan[.]

*Id.* at 7 (emphasis added).

The plan requires the debtor make payments to the bank and timely pay all real estate taxes. Regarding default, the plan provides:

Upon any default by the Debtor of obligations owed to Exchange under this Plan, Exchange shall give notice to the Debtor of default and thereafter the Debtor shall have thirty (30) days from the date of the notice to cure the default, or such other default and cure period in the Exchange Loan Documents, whichever is longer. If Debtor fails to cure the default within said Cure Period, Exchange shall be entitled to relief from the Plan, any automatic stay, or any confirmation order and be entitled to enforce all rights and remedies available by law or in equity without further notice or hearing.

*Id.* at 8.

The debtor did not timely pay the real estate taxes.[1] On May 5, 2025, the bank sent a letter to the debtor and her counsel notifying them the debtor defaulted under the plan. Under the plan, the debtor had until June 4, 2025, to cure the default. The debtor paid all real estate taxes on June 10 and June 16, 2025, after the thirty days expired.

Nevertheless, the bank pressed on with its pre-petition deed of trust sale process. The bank did not file a new notice of default under section 76-1006. Rather, on June 28, 2025, after the defaults were cured, it resumed publication of its notice of sale with a sale date of August 19, 2025.

## Conclusions of Law

Deeds of trust are creatures of statute. Because they "did not exist at common law, such statutes are to be strictly construed." *State Bank of Trenton v. Lutz*, 719

---

[1] The debtor asserts real estate taxes are paid to the county treasurer, and the bank never required her to escrow payments. She argues the non-payment of taxes is not a default "of obligations owed to Exchange" Bank. Rather, the non-payment is a breach of obligations, or debts, owed to the county. The court rejects this argument as the plan and the bank's loan documents clearly require the debtor timely pay real estate taxes. An obligation is broader than a debt. An obligation "may refer to anything that a person is bound to do or forbear from doing, whether the duty is imposed by law, contract, promise, social relations, courtesy, kindness, or morality." Black's Law Dictionary (12th ed. 2024). Timely payment of taxes is plainly an obligation the debtor owed to the bank.

N.W.2d 731, 735 (Neb. App. 2006). Nebraska's statutes set forth the procedure by which the trustee of a deed of trust can sell the encumbered real estate.

> (1) The power of sale conferred in the Nebraska Trust Deeds Act upon the trustee shall not be exercised until:
>
> (a) The trustee or the attorney for the trustee *shall first file for record in the office of the register of deeds* of each county wherein the trust property or some part or parcel thereof is situated *a notice of default* identifying the trust deed by stating the name of the trustor named therein and giving the book and page or computer system reference where the same is recorded and a description of the trust property, containing a statement that a breach of an obligation for which the trust property was conveyed as security has occurred, *and setting forth the nature of such breach* and of his or her election to sell or cause to be sold such property to satisfy the obligation;
>
> ….
>
> (c) After the lapse of not less than one month … the trustee or the attorney for the trustee shall give notice of sale as provided in section 76-1007.

Neb. Rev. Stat. § 76-1006(1). The filing of a notice of default is "obviously a precondition to the exercise of the power of sale." *State Bank of Trenton v. Lutz*, 719 N.W.2d 731, 736 (Neb. App. 2006).

The bank asserts Nebraska law does not require a creditor file a second notice of default if the originally noticed default remains uncured. The bank argues the plan merely stayed enforcement of its pre-petition deed of trust foreclosure as long as the debtor met all plan obligations to the bank. The debtor's argument ignores the nature of a confirmed Chapter 11 plan. The pre-petition default no longer exists. The confirmed plan did not merely stay enforcement of the pre-petition foreclosure. The confirmed plan modified the debtor's obligation to the bank, including the "terms of repayment". *See General Elec. Cap. Corp. v. Dial Bus. Forms, Inc. (In re Dial Bus. Forms, Inc.)*, 341 F.3d 738, 743 (8th Cir. 2003) (holding after confirmation, a Chapter 11 plan "acts like a contract that binds the parties that participate in the plan."); *In re Chiles Power Supply Co., Inc.*, 264 B.R. 533, 542 (Bankr. W.D. Mo. 2001) (holding upon confirmation "All of debtors' obligations are thereafter governed by the confirmed plan" and the court retains *in rem* jurisdiction over estate property). The plan also modified the bank's pre-petition lien rights:

> [P]ursuant to § 1141, once a plan under Chapter 11 is confirmed, *a creditor can no longer enforce its pre-Chapter 11 lien rights, but is limited to the rights granted in the plan*. The reorganized debtor operates as a new entity, free of its preconfirmation obligations except as may have been provided for in the confirmed plan.

*United States v. Lincoln Sav. Bank (In re Com. Millwright Serv. Corp.)*, 245 B.R. 585, 590 (Bankr. N.D. Iowa 1998) (citations omitted) (emphasis added); *see also In re Gross*, 1988 WL 1571418, at *3 (Bankr. S.D. Iowa May 27, 1988) ("Following confirmation of a Chapter 11 plan, a creditor's lien rights are only those granted in the confirmed plan.").

Because the bank could not enforce its pre-petition default, it could not rely upon the pre-petition notice of default under the Nebraska Trust Deeds Act. The bank was required to file a new notice of default setting forth a breach of the debtor's modified obligations to the bank, identifying the basis for the post-confirmation default – the failure to pay real estate taxes. *Gilroy v. Ryberg*, 667 N.W.2d 544, 556 (Neb. 2003) (holding a notice of default must provide "sufficient information to notify interested parties of the event authorizing the use of the power of sale.").

Injunctive relief is warranted for the reasons stated herein and in the court's temporary restraining order. The plan provided upon default, the debtor could enforce its lien rights only after 30 days' notice and failure to cure. The bank provided the 30-day letter notice required by the plan. Only after this 30-days expired could the bank enforce its rights and remedies under the Trust Deeds Act. But to do so, it had to file a new notice of default. No notice of default was filed. Now the obligation is cured, precluding the bank from foreclosing.

IT THEREFORE ORDERED, the trustee's sale of real estate owned by the debtor is enjoined.

DATED: September 5, 2025

BY THE COURT:

/s/ Brian S. Kruse
Brian S. Kruse
Bankruptcy Judge